Cox v. McLean.

---

## THOMAS J. COX

### v.

### RICHARD H. McLEAN.

MALICIOUS PROSECUTION—PROBABLE CAUSE—CONVICTION NOT NECES-SARY.—In cases of malicious prosecution it is not necessary for the protection of the prosecutor, that the person charged with an offense should be convicted. It is enough that there is a reasonable ground to believe the party guilty as charged, and that the prosecutor acts with caution and without malice. This action can only be sustained when the prosecutor acts from malice and without probable cause—both must concur.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. I. J. BLOOMFIELD, for appellant; argued that if the prosecutor acts in good faith, on evidence, whether true or false, he is protected, and cited Anderson v. Friend, 85 Ill. 135.

Where the prosecuting witness presents all the facts to an attorney and acts upon his advice, he will be protected   Anderson v. Friend, 85 Ill. 135; Ross v. Innis, 26 Ill. 259.

This is the rule, even though the advice so given was wrong, or the attorney was mistaken as to the law: Anderson v. Friend, 85 Ill. 135; Potter v. Larle, 8 Cal. 217; Leird v. Davis, 17 Ala. 27; Bliss v. Wyman, 7 Cal. 257; Gould v. Gardner, 8 La. An. 12; Williams v. Van Meter, 8 Mo. 339; Waller v. Sample, 25 Pa. St. 275.

Appellant should have been allowed to show why the prosecution was abandoned: Anderson v. Friend, 71 Ill. 475; Collins et al. v. Fisher, 50 Ill. 359.

It was error to allow appellee to show that a verdict of not guilty was rendered: Skidmore v. Bricker, 77 Ill. 164.

Malice and want of probable cause must concur: Leidig v. Rawson, 1 Scam. 272; Bourne v. Stout, 62 Ill. 261; Anderson v. Friend, 85 Ill. 135.

A failure to pay a debt due for goods sold on commission, after demand made, constitutes a criminal offense: Warringer v. The People, 74 Ill. 346.

HIGBEE, P. J.  This was a suit brought in the court below by appellee against appellant, in case, to recover for an alleged malicious prosecution.  Appellant caused appellee to be arrested before a justice of the peace, and subsequently to be indicted by the grand jury for a violation of section 78 of the criminal code, which makes it a misdemeanor for any warehouseman, forwarding or commission merchant, or other person selling on commission, to convert to his own use any flour, grain, etc., or the proceeds or avails thereof, without the consent of the owner, or who shall fail to pay over the avails or proceeds thereof, less his proper charges, on demand, by the person entitled to receive the same.  The substantial charge made in the affidavit for the arrest and indictment, was that a certain mill company, of which appellant was one of the owners, had shipped to a mercantile firm of which appellee was one of the members, flour to be sold on commsssion, and that they had refused to pay over the proceeds of sales after demand made for the same.

The main facts appearing in the record are that the flour was shipped to appellee's firm and received by them by one Washburn, a clerk in the mill, upon terms agreed upon between them and the clerk.  That neither appellant or any member of the mill firm had any personal knowledge of the transaction, but derived all of their information from Washburn, their clerk, who transacted the business.  The mill firm was in the habit of furnishing flour to dealers to be sold on commission.  Subsequently, the grocers to whom the flour was shipped, were found

to be in failing circumstances, and Cox, the appellant, called on his attorney, Mr. Hughes, and consulted him in reference to his demand.   Mr. Hughes asked him if the flour was delivered to them to be sold on commission.   He told him he thought it was, but could not tell until he consulted Washburn, the clerk, who made the arrangement.   He then took Washburn to see Hughes, and he stated to Hughes in the presence of Cox that the flour was furnished to appellee's firm by him to be sold on commission.   Cox also informed Hughes that the drayman who delivered it told appellee that it was sent to be sold on commission, and this statement was fully justified by the evidence of the drayman subsequently given.

Appellant did not profess to have personal knowledge of the transaction but took the precaution to go to the only persons cognizant of the facts and inform himself with reference thereto before any definite action was taken in the matter, and this information he correctly and truthfully imparted to his attorney and asked his advice.

The attorney, who was one reputable and skillful in his profession, then informed appellant of the law upon the subject, and advised that a demand be made for the flour or the money, and in case of a refusal to deliver the same, that an arrest should be made.   Cox then employed his attorney to go and make the demand for him, which he did, and upon appellee refusing to deliver to him the flour or the proceeds thereof, Cox, acting under the advice of his attorney, swore out a warrant and caused the arrest to be made, and subsequently, acting upon the same information and advice, caused an indictment to be found and returned.   Upon the trial of these charges appellee was acquitted.   It now appears from the evidence that instead of the flour having been furnished to be sold on commission, it was sold by Washburn, the clerk to appellee's firm. This fact was not known to appellant until after the trial on the indictment.

A conviction of one charged with crime is not necessary to the protection of the prosecutor.   It is enough that there is probable and reasonable ground to believe the party guilty, and that the prosecutor acts with reasonable caution and

without malice. The criminal law must be enforced, and human agencies must be employed for that purpose, and the law wisely protects all persons who in good faith act on reasonable presumptions of the guilt of the accused. This action can only be maintained where the party causing the arrest has acted from malice and without probable cause—both must concur. Does this case meet these requirements? We think it falls far short of it. Appellant seems to have acted from honest motives, under the advice of his attorney, after fully informing him of all the facts known to him. He sought his information as to the terms upon which the flour had been delivered from the proper sources, and neglected no means, apparently, within his reach to fully and correctly inform himself as to the nature of the transaction. If he was deceived by his clerk, it certainly was not his fault. Had the information which he received from him proved correct, the arrest would have been entirely proper.

That he believed the statements of his clerk can hardly be doubted.

There is no evidence of actual malice, and we think appellant, under the circumstances of this case, acted upon reasonable and probable cause, and without malice.

The judgment is therefore reversed.

Judgment reversed.